GLADNEY, Judge.
I respectively dissent from the decision herein reached by the majority of the court. In my opinion our original decree correctly resolved the issues of fact considered on this rehearing. The preponderance of evidence, I believe, abundantly supports a finding that the site of the fence between the properties of Jacob R. Hale and James M. Hawkins was surveyed by J. M. Hale, a surveyor, and the brother of Jacob R. Hale, for the purpose of establishing a boundary fence between the two small tracts. Bearing upon the question of mutuality of consent is the un-contradicted fact that Jacob R. Hale was at the time residing in the house of James M. Hawkins. As pertinently remarked in the original decree if the fence was not erected with the evident intent of serving as a marker or monument of the boundary between the Hawkins and Hale properties, there would have been no need for having the site of the fence surveyed.
Where pleas of prescription of thirty years are being considered, it is not uncommon to find one or more of the parties who erected a boundary fence are no longer available to testify directly upon an agreement to that effect. In such instances, necessarily, if there was an agreement it may be inferred from circumstances which convincingly show such was the intent of the parties. The evidence adduced herein is impressive that there was a common understanding or agreement between James M. Hawkins and Jacob R. Hale the fence as erected upon the line as established by surveyor J. M. Hale, was the boundary line between their properties. Of course, had there been no error in the survey, the fence would have been placed on the ideal boundary line as shown in the plat of survey by John F. Wilkerson, as filed in this record. The decision to be made, however, on the plea of prescription is an issue which must be decided only by the court. I adhere to the conclusion as reached in the original opinion and therefore, respectfully dissent.
Rehearing denied; GLADNEY, J., dissenting.